## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC.<br>　　　　Plaintiff,<br><br>　v.<br><br>MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN, and CHARLES W. TRAUTNER,<br><br>　　　　Defendants. | No. 06 C 5486<br><br>Judge Virginia M. Kendall |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEF *INSTANTER*

Plaintiff, David Grochocinski, not individually but solely in his capacity as the Chapter 7 trustee for the Bankruptcy estate of CMGT, Inc., ("CMGT"), through his attorneys, moves for leave to file a twenty-six page brief in response to defendants' motion for to dismiss. In support of this motion, CMGT states as follows:

　1.　This case arises out of, *inter alia*, defendants Mayer Brown Rowe & Maw LLP and Ronald B. Given  (collectively, "defendants") providing CMGT with negligent legal advice. In its complaint, CMGT alleges two independent and distinct causes of action for legal malpractice. The facts giving rise to these two claims are not especially complex, but they are voluminous.

　2.　On November 27, 2006, defendants were given leave to file a twenty-page brief in support of their motion to dismiss. CMGT was also given leave to file a twenty-page response brief.

　3.　In their motion to dismiss, defendants assert approximately thirty arguments. Most of these arguments are based on defendants' mischaracterizations of CMGT's complaint. In

addition, defendants make an unwarranted and unprofessional personal attack on CMGT's trustee in bankruptcy and a non-party. Specifically, defendants argue, with no evidentiary support, that this case is a "fraud on the judicial system." Defendants request, as a sanction, that the Court dismiss CMGT's complaint.

4. In its response brief, CMGT had to (a) respond to defendants' motion for sanctions, (b) correct defendants' many mischaracterizations of the complaint, (c) clarify what the nature of CMGT's claims are, and (d) respond to defendants' many baseless arguments. As a result of the foregoing, CMGT requires more than twenty pages to fully and properly respond to defendants' motion to dismiss.

5. CMGT would have filed this motion prior to the response date, but CMGT has been endeavoring to stay within the twenty-page limit. CMGT did not know until it finished drafting its response how many pages, if any, it would be over the twenty-page limit. Despite CMGT's best efforts, it could not respond to defendants' motion to dismiss in less than twenty-six pages. For the Court's convenience, CMGT included a table of contents with the pages noted and a table of cases in its response brief.

WHEREFORE, Plaintiff respectfully requests leave to file a twenty-six page brief in response to defendants' motion to dismiss *instanter*.

Dated: January 5, 2007

Respectfully submitted,
DAVID GROCHOCINSKI, not individually, but solely as the trustee in bankruptcy, for THE ESTATE OF CMGT, INC.,
BY:_____//s// Edward T. Joyce_____
Plaintiff's attorneys

Edward T. Joyce
Arthur W. Aufmann
Robert D. Carroll
EDWARD T. JOYCE & ASSOC., P.C. - Atty No. 32513
11 South LaSalle Street, Ste., 1600
Chicago, Illinois 60603