# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC.<br>   Plaintiff,<br><br>v.<br><br>MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN, and CHARLES W. TRAUTNER,<br><br>   Defendants. | No. 06 C 5486<br><br>Judge Virginia M. Kendall |

## PLAINTIFF'S MOTION PURSUANT TO RULE 4(m) FOR AN EXTENSION OF TIME TO SERVE DEFENDANT CHARLES W. TRAUTNER

  Plaintiff, David Grochocinski, in his capacity as the Chapter 7 trustee for the bankruptcy estate of CMGT, Inc. ("CMGT"), respectfully requests an extension of time to and including April 9, 2007 to serve defendant Charles W. Trautner ("Trautner") with a summons and complaint. In support of this motion, CMGT states as follows:

### I. CMGT's Service Attempts

  1. On August 23, 2006, CMGT filed this action for legal malpractice against defendants Mayer Brown Rowe & Maw LLP ("MBRM") and Ronald B. Given ("Given") and for breach of fiduciary duty and intentional interference with contract against Trautner in the Circuit Court of Cook County, Illinois. (A copy of CMGT's complaint is attached hereto as Exhibit A).

  2. Immediately after filing its complaint, CMGT attempted service on all defendants.

  3. Because defendants Mayer Brown Rowe & Maw LLP ("MBRM") and Ronald B. Given ("Given") are Illinois residents, CMGT attempted service using a Cook County Sheriff.

1

Dockets.Justia.com

4.  Because Trautner is not an Illinois resident, CMGT attempted service over Trautner using a special process server. CMGT's special process server made several attempts between August 29, 2006 and September 7, 2006 to serve Trautner at what CMGT believed was Trautner's current address. (*See* affidavit of non-service attached hereto as Exhibit B.)

5.  Despite her efforts, CMGT's special process server was unable to serve Trautner with a summons and complaint. *Id.* CMGT's special process server states in her affidavit (Exhibit B) that she believes Trautner is avoiding service. (*Id.*)

6.  On September 7, 2006, CMGT served defendant Mayer Brown Rowe & Maw LLP ("MBRM") with a summons and complaint.

7.  On October 10, 2006, MBRM, Given and Trautner removed this case to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1334 and 1452. (*See* notice of removal attached hereto as Exhibit C).

8.  On October 31, 2006, CMGT served Given with a summons and complaint.

9.  After CMGT's first special process server was unsuccessful in serving Trautner, CMGT hired a new special process server, John Cox, to attempt service.

10. Mr. Cox attempted to serve Trautner several times between October 24, 2006 and November 4, 2004 at what CMGT believed was Trautner's residence. (*See* Declaration of Due Diligence by Process Server attached hereto as Exhibit D).

11. Despite his efforts, Mr. Cox was unable to serve Trautner with a summons and complaint. (*Id.*)

12. On his final service attempt, Mr. Cox confirmed through a neighbor that a man named Charles resides at the address provided by CMGT, but that he had not been seen by the neighbor for several weeks. (*Id.*)

13.     Based on the affidavits provided by CMGT's special process server, CMGT believes that Trautner is either avoiding service or has moved to a new residence.

14.     Rule 4(m) of the Federal Rules of Civil Procedure states that service must be made upon a defendant within 120 days after the filing of the complaint. FED R. CIV. P. 4(m).

15.     When a complaint is originally filed in state court and subsequently removed to federal court, the 120 day period begins to run from the date of removal. *Alber v. Illinois Dep't of Mental Health and Developmental Disabilities*, 786 F. Supp. 1340, 1376 (N.D. Ill. 1992).

16.     In this case, the 120 day period for service expires on February 7, 2007 (i.e., 120 days from October 10, 2006).

## II.     CMGT Respectfully Requests a 60 Day Extension to Serve Trautner

17.     Rule 4(m) provides that the time for service can be extended if the plaintiff shows good cause for failure to serve within the 120 day time limit. FED. R. CIV. P. 4(m).

18.     As explained above, CMGT has made a diligent effort to serve Trautner.

19.     Despite CMGT's diligent efforts, Trautner has successfully avoided service.

20.     CMGT has been trying to determine whether Trautner has moved to a new residence. However, because CMGT has been unsuccessful in making this determination on its own, its next course of action will be to hire an investigator to try to locate Trautner.

21.     The statute of limitations for CMGT's breach of fiduciary duty claim against Trautner is five years from the date that CMGT first knew or should have known that it was wrongfully injured. *Luminall Paints, Inc. v. LaSalle National Bank*, 220 Ill. App. 3d 796, 803 (1st Dist. 1991); 735 ILCS 5/13-205; *Lubin v. Jewish Children's Bureau of Chicago*, 328 Ill. App. 3d 169, 171-72 (1st Dist. 2002) ("A cause of action accrues within the meaning of [735 ILCS 5/13-

3

205] when the plaintiff knew or reasonably should have known that it was injured and that the injury was wrongfully caused").

22. The statute of limitations for CMGT's intentional interference claim against Trautner is also five years from the date that CMGT first knew or should have known that it was wrongfully injured. *Poulos v. Lutheran Social Services of Illinois, Inc.*, 312 Ill. App. 3d 731, 745 (1st Dist. 2000), *rehearing denied, appeal allowed*, 189 Ill.2d 702; *Lubin*, 328 Ill. App. 3d at 171-72.

23. Trautner first breached his fiduciary duty and interfered with a CMGT contract in or around August 2003. (*See* Ex. A at ¶¶ 41-43.) Thus, the statute of limitations with respect to CMGT's claim against Trautner expires no earlier than August 2008.

24. Because there is still ample time remaining on the statute of limitations for CMGT's claims against Trautner, no prejudice will result from the granting of this motion.

25. On November 30, 2006, MBRM and Given filed a joint motion to dismiss. CMGT filed its response to that motion on January 5, 2007. MBRM and Given's reply brief is due on or before February 7, 2007. Because this case is progressing against MBRM and Given, those defendants will not be prejudiced if CMGT is granted additional time to serve Trautner.

26. Because CMGT has made a good faith effort to serve Trautner within the 120 days provided by Rule 4(m) and because no defendants will be prejudiced by the granting of this motion, CMGT respectfully requests an additional 60 days to and including April 9, 2007 to serve Trautner.

**WHEREFORE**, CMGT respectfully requests that an order be entered granting CMGT an extension of time to and including April 9, 2007 to serve Defendant Charles W. Trautner.

Dated: February 2, 2007                    Respectfully submitted,

                                                DAVID GROCHOCINSKI, not individually, but solely as the trustee in bankruptcy, for THE ESTATE OF CMGT, INC.,


                                                By:_____/s/ Robert D. Carroll_____
                                                       Plaintiff's attorneys


Edward T. Joyce
Arthur W. Aufmann
Robert D. Carroll
**EDWARD T. JOYCE & ASSOC., P.C.**
11 South LaSalle Street, Ste., 1600
Chicago, Illinois 60603
Telephone – (312) 641-2600
Atty No. 32513

5