# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC. </br> Plaintiff, </br></br> v. </br></br> MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN, and CHARLES W. TRAUTNER, </br></br> Defendants. | No. 06 C 5486 </br></br> Judge Virginia M. Kendall |

### PLAINTIFF'S MOTION PURSUANT TO RULE 4(m) FOR A SECOND EXTENSION OF TIME TO SERVE DEFENDANT CHARLES W. TRAUTNER

Plaintiff, David Grochocinski, in his capacity as the Chapter 7 trustee for the bankruptcy estate of CMGT, Inc. ("CMGT"), respectfully requests an additional extension of time to and including June 8, 2007 to serve defendant Charles W. Trautner ("Trautner") with a summons and complaint. In support of this motion, CMGT states as follows:

### I.    CMGT's Service Attempts Before February 8, 2007

1.    On August 23, 2006, CMGT filed this action for legal malpractice against defendants Mayer Brown Rowe & Maw LLP ("MBRM") and Ronald B. Given ("Given") and for breach of fiduciary duty and intentional interference with contract against Trautner in the Circuit Court of Cook County, Illinois.

2.    Immediately after filing its complaint, CMGT attempted service on all defendants.

3.    Because defendants MBRM and Given are Illinois residents, CMGT attempted service using a Cook County Sheriff.

1

4.     Because Trautner is not an Illinois resident, CMGT attempted service over Trautner using a special process server. CMGT's special process server made several attempts between August 29, 2006 and September 7, 2006 to serve Trautner at what CMGT believed was Trautner's current address.

5.     Despite her efforts, CMGT's special process server was unable to serve Trautner with a summons and complaint. CMGT's special process server states in her affidavit that she believes Trautner is avoiding service.

6.     On September 7, 2006, CMGT served MBRM with a summons and complaint.

7.     On October 10, 2006, MBRM, Given and Trautner removed this case to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §§ 1334 and 1452.

8.     On October 31, 2006, CMGT served Given with a summons and complaint.

9.     After CMGT's first special process server was unsuccessful in serving Trautner, CMGT hired a new special process server, John Cox, to attempt service.

10.    Mr. Cox attempted to serve Trautner several times between October 24, 2006 and November 4, 2004 at what CMGT believed was Trautner's residence.

11.    Despite his efforts, Mr. Cox was unable to serve Trautner with a summons and complaint.

12.    On his final service attempt, Mr. Cox confirmed through a neighbor that a man named Charles resides at the address provided by CMGT, but that he had not been seen by the neighbor for several weeks.

13.    Based on the affidavits provided by CMGT's special process server, CMGT believes that Trautner is either avoiding service or has moved to a new residence.

14. Rule 4(m) of the Federal Rules of Civil Procedure states that service must be made upon a defendant within 120 days after the filing of the complaint. FED R. CIV. P. 4(m).

15. When a complaint is originally filed in state court and subsequently removed to federal court, the 120 day period begins to run from the date of removal. *Alber v. Illinois Dep't of Mental Health and Developmental Disabilities*, 786 F. Supp. 1340, 1376 (N.D. Ill. 1992).

16. On February 2, 2007, based on the foregoing, CMGT filed a motion requesting an extension of the 120-day time period for serving Trautner.

17. On February 8, 2007, the Court granted CMGT's motion giving CMGT to and including April 9, 2007 to serve Trautner.

## II. CMGT's Service Attempts Since February 8, 2007

18. Since February 8, 2007, CMGT has investigated Trautner's whereabouts.

19. Through this investigation, CMGT came to believe that Trautner was residing in Ventura County, California. Thus, CMGT attempted service on Trautner through the Ventura County Sheriff.

20. The Ventura County Sheriff attempted service on Trautner between March 16, 2006 and March 19, 2006. (*See* Declaration of Diligence attached hereto as Exhibit A.)

21. Despite his efforts, the Ventura County Sheriff was unable to serve Trautner with a summons and complaint.

22. During the Ventura County Sheriff's second service attempt, the resident of the home at which CMGT attempted service stated that Trautner did not live at the resident, but that Trautner's ex-wife had previously stayed there for about one year. The resident also stated that there is no forwarding address for Trautner.

23.     CMGT is continuing to research Trautner's whereabouts and has engaged a private investigator to help locate Trautner.

### III.    CMGT Respectfully Requests an Additional 60 Day Extension to Serve Trautner

24.     Rule 4(m) provides that the time for service can be extended if the plaintiff shows good cause for failure to serve within the 120 day time limit. FED. R. CIV. P. 4(m).

25.     As explained above, CMGT has made a diligent effort to serve Trautner.

26.     Despite CMGT's diligent efforts, Trautner has successfully avoided service.

27.     CMGT has been trying to determine whether Trautner has moved to a new residence.  CMGT is now working with a private investigator to try to locate Trautner.

28.     The statute of limitations for CMGT's breach of fiduciary duty claim against Trautner is five years from the date that CMGT first knew or should have known that it was wrongfully injured. *Luminall Paints, Inc. v. LaSalle National Bank*, 220 Ill. App. 3d 796, 803 (1st Dist. 1991); 735 ILCS 5/13-205; *Lubin v. Jewish Children's Bureau of Chicago*, 328 Ill. App. 3d 169, 171-72 (1st Dist. 2002) ("A cause of action accrues within the meaning of [735 ILCS 5/13-205] when the plaintiff knew or reasonably should have known that it was injured and that the injury was wrongfully caused").

29.     The statute of limitations for CMGT's intentional interference claim against Trautner is also five years from the date that CMGT first knew or should have known that it was wrongfully injured. *Poulos v. Lutheran Social Services of Illinois, Inc.*, 312 Ill. App. 3d 731, 745 (1st Dist. 2000), *rehearing denied, appeal allowed*, 189 Ill.2d 702; *Lubin*, 328 Ill. App. 3d at 171-72.

30. Trautner first breached his fiduciary duty and interfered with a CMGT contract in or around August 2003. (Comp. at ¶¶ 41-43.) Thus, the statute of limitations with respect to CMGT's claim against Trautner expires no earlier than August 2008.

31. Because there is still ample time remaining on the statute of limitations for CMGT's claims against Trautner, no prejudice will result from the granting of this motion.

32. On November 30, 2006, MBRM and Given filed a joint motion to dismiss. CMGT filed its response to that motion on January 5, 2007. That motion has been fully briefed. Because this case is progressing against MBRM and Given, those defendants will not be prejudiced if CMGT is granted additional time to serve Trautner.

33. Because CMGT has made a good faith effort to serve Trautner and because no defendants will be prejudiced by the granting of this motion, CMGT respectfully requests an additional 60 days to and including June 8, 2007 to serve Trautner.

**WHEREFORE**, CMGT respectfully requests that an order be entered granting CMGT an extension of time to and including June 8, 2007 to serve Defendant Charles W. Trautner.

Dated: April 9, 2007                    Respectfully submitted,

                                        DAVID GROCHOCINSKI, not individually, but
                                        solely as the trustee in bankruptcy, for THE
                                        ESTATE OF CMGT, INC.,


                                        By:_____/s/ Robert D. Carroll_____
                                             Plaintiff's attorneys

Edward T. Joyce
Arthur W. Aufmann
Robert D. Carroll
**EDWARD T. JOYCE & ASSOC., P.C.**
11 South LaSalle Street, Ste., 1600
Chicago, Illinois 60603
Telephone – (312) 641-2600
Atty No. 32513

5

# EXHIBIT A

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | Telephone | FOR COURT USE ONLY |
|---|---|---|
| **Jennifer L MacDougiall**<br>**Eleven South Lasalle St Suite 1800**<br>**Chicago, IL 60603-1211**<br>E-MAIL<br>ATTORNEY FOR (Name): | **(312) 641-2600**<br>FAX<br>**(312) 641-0360** | |

| | |
|---|---|
| **Circuit Court of Cook County, Illinois – Law Division** | |
| STREET ADDRESS: | **Richard J Daley Center rm 801** |
| MAILING ADDRESS: | **50 W. Washington** |
| CITY AND ZIP CODE: | **Chicago, IL 60602** |
| BRANCH NAME: | **Law Division** |
| PLAINTIFF: | **David Grochocinski, not individually but** |
| DEFENDANT: | **Mayer Brown Rowe& Maw LLP, Charles W Tra** |

| PROOF OF SERVICE | FILE NUMBER<br>2007001508 | COURT CASE NUMBER<br>06C5486 |
|---|---|---|

1. At the time of service, I was at least 18 years of age and not a party to this action

2. I received the following papers on **3/15/2007**:
   f. other (specify documents): **Summons & Complaint,**

3. After due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/or business, I have been unable to make personal delivery of said process on the following person(s) herein named, to wit:
   **Charles W Trautner**
   **2350 Yew Drive**
   **Newbury Park, CA 91320**

4. See Attachment for Declaration of Diligence.

7. Person who attempted Service:
   a. Name: **Edwin Tuazon**
   b. Address: **Sheriff's Civil Detail**
   **800 South Victoria Avenue Room 101**
   **Ventura, CA 93009**

   c. Phone: **(805) 654-2391**
   d. The fee for service was: **$30.00**

9. I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: March 20, 2007

Sheriff's Authorized Agent
Bob Brooks, Sheriff

Hearing: <No Information>
Remarks: not found/ 2 attempts/ male homeowner stated deft does not live @ residence, but deft ex-wife stayed @ residence for about a year. no forwarding address.

Judicial Council form POS-010                Mail Copy                                           78329

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | Telephone | FOR COURT USE ONLY |
|---|---|---|
| Jennifer L MacDouglall<br>Eleven South Lasalle St Suite 1800<br>Chicago, IL 60603-1211<br>E-MAIL<br>ATTORNEY FOR (Name): | (312) 641-2600<br>FAX<br>(312) 641-0360 | |

| Circuit Court of Cook County, Illinois - Law Division | | |
|---|---|---|
| STREET ADDRESS: Richard J Daley Center rm 801 | | |
| MAILING ADDRESS: 50 W. Washington | | |
| CITY AND ZIP CODE: Chicago IL 60602 | | |
| BRANCH NAME: Law Division | | |
| PLAINTIFF: David Grochocinski, not individually but | | |
| DEFENDANT: Mayer Brown Rowe& Maw LLP, Charles W Tra | | |
| **DECLARATION OF DILIGENCE** | FILE NUMBER<br>2007001508 | COURT CASE NUMBER<br>06C5486 |

Declaration of attempts to personally serve: Charles W Trautner

1st: Date/Time: 3/16/2007 7:55 AM    Deputy: Edwin Tuazon
   Addr: 2350 Yew Drive Newbury Park CA 91320, Remark: home address no answer
2nd: Date/Time: 3/19/2007 6:45 AM    Deputy: Edwin Tuazon
   Addr: 2350 Yew Drive Newbury Park CA 91320 , Remark: male homeowner stated deft does not live @ residence, but deft ex-wife stayed @ residence for about a year. no forwarding address.

March 20, 2007                               Mail Copy                                              78329