IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC. <br>     Plaintiff, <br><br> v. <br><br> MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN, and CHARLES W. TRAUTNER, <br><br>     Defendants. | No. 06 C 5486 <br><br> Judge Virginia M. Kendall |

**PLAINTIFF'S POSITION PAPER REGARDING REFERRAL TO THE BANKRUPTCY COURT**

Plaintiff, David Grochocinski, in his capacity as the Chapter 7 trustee for the bankruptcy estate of CMGT, Inc. ("CMGT"), submits the following position paper regarding referral to the bankruptcy court:

I.  **INTRODUCTION**

On August 23, 2006 CMGT filed a four count complaint in the Circuit Court of Cook County, Illinois against defendants Mayer Brown Rowe & Maw LLP ("MBRM"), Ronald B. Given ("Given") and Charles W. Trautner ("Trautner"). Counts I and II allege that MBRM and Given engaged in acts of legal malpractice. Counts III and IV allege that Trautner breached his fiduciary duty and intentionally interfered with a prospective business opportunity.

On October 11, 2006, defendants removed this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1334 ("Section 1334") and 1452 ("Section 1452"). Section 1452 provides, in pertinent part, that "[a] party may remove any claim or cause of action in a civil action…to the district court where such civil action is pending if such

district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334 provides, in pertinent part, that "…[t]he district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Defendants removed this case on the basis that the claims are "related to" the bankruptcy proceeding.

On March 28, 2007, the Court ordered the parties to submit position papers addressing whether: (1) this case is a "core" or "non-core" proceeding, and (2) this case must or may be referred to the bankruptcy court. As explained herein, this case is a non-core proceeding. Because this is a non-core case, the Court *may* refer this case to the bankruptcy court; however, unless the parties consent to adjudication by the bankruptcy court, the bankruptcy court can only enter recommended findings of fact and conclusions of law, which the district court reviews *de novo*.

## II. THIS CASE IS A NON-CORE PROCEEDING THAT CAN BE REFERRED TO THE BANKRUPTCY COURT FOR THE ENTRY OF RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

A district court *may* refer "any or all proceedings arising under Title 11 or arising in or related to a case under Title 11…to the bankruptcy judges for the district." 28 U.S.C. §157(a) (emphasis added). Jurisdiction of bankruptcy judges is bifurcated into core and related jurisdiction. *In re Chapman*, 269 B.R. 201, 206 (N.D. Ill. 2001). Cases arising under Title 11 or in a case under Title 11 are "core" proceedings, and cases *related to* a case under Title 11 are "non-core" proceedings. *Id.* (emphasis added). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *Hedstrom Corp., Ero, Inc. v.*

2

*Wal-Mart Stores, Inc.*, No. 04-38543, 05 C 6888, 2006 WL 1120572 at * 1 (N.D. Ill. April, 24, 2006). "Core proceedings include, among others, 'matters concerning the administration of the estate,' 'allowance or disallowance of claims against the estate,' and 'other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor relationship.'" *Id.* This case is a "non-core" proceeding because the claims at issue are all state law claims -- i.e., none of the claims in this case arise under the Bankruptcy Code.

Because this case is a non-core proceeding, it cannot be adjudicated by the bankruptcy court without consent of the parties. *In re Chapman*, 269 B.R. at 206. While this case may be referred to the bankruptcy court, if the parties do not consent to adjudication by the bankruptcy court, the bankruptcy judge can only enter recommended findings of fact and conclusions of law and recommend a judgment, all to be forwarded to the district court for *de novo* review. *Id.* at 206-207. CMGT does not consent to having this non-core proceeding adjudicated by the bankruptcy court.

### III.  CONCLUSION

Wherefore, CMGT respectfully submits that because this case is a non-core proceeding and because CMGT does not consent to adjudication by the bankruptcy court, this case can be referred to the bankruptcy court only for recommended findings of fact and conclusions of law to be reviewed *de novo* by the district court.

Dated: April 18, 2007                                    Respectfully submitted,
                                                         PLAINTIFF

                                                         BY:     //s// Robert D. Carroll
                                                                 Plaintiff's attorneys

Edward T. Joyce
Robert D. Carroll
Arthur W. Aufmann
EDWARD T. JOYCE & ASSOC., P.C. - Atty No. 32513
11 South LaSalle Street, Ste., 1600
Chicago, Illinois 60603

## CERTIFICATE OF SERVICE

The undersigned attorney, certifies that on April 18, 2007, he caused this document to be served upon

>Stephen Novack
>Mitchell L. Marinello
>Steven J. Ciszewski
>Novack and Macey LLP
>100 N. Riverside Plaza
>Chicago, IL 60606

by electronically delivering a copy through the Court's CM/ECF filing system.

>>/s/ Robert D. Carroll