# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC., ) ) ) ) ) | |
| Plaintiff, ) ) | No. 06 C 5486 |
| v. ) ) | Judge Virginia M. Kendall |
| MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN and CHARLES W. TRAUTNER, ) ) ) ) | |
| Defendants. ) | |

## LAWYER DEFENDANTS' POSITION STATEMENT
## REGARDING POSSIBLE REFERRAL TO BANKRUPTCY JUDGE

Stephen Novack
Mitchell L. Marinello
Steven J. Ciszewski
Novack and Macey LLP
100 North Riverside Plaza
Chicago, IL 60606
(312) 419-6900
#176134

Defendants Mayer Brown Rowe & Maw LLP and Ronald B. Given (together, the "Lawyer Defendants"), in response to the Court's direction, submit the following Position Statement Regarding Possible Referral To Bankruptcy Judge. For the reasons set forth below, it is the position of the Lawyer Defendants that: (A) this lawsuit is a non-core proceeding; (B) this Court has discretion to hear and decide this lawsuit; and (C) this Court should exercise its discretion to hear and decide this lawsuit.

## INTRODUCTION

This lawsuit was filed by David Grochocinski, as Chapter 7 Trustee for the bankruptcy estate of CMGT, Inc. (the "Trustee"), and alleges two types of claims. First, Counts I and II of the Complaint allege claims for legal malpractice against the Lawyer Defendants arising out of their purported representation of CMGT in matters pre-dating CMGT's bankruptcy petition. Second, Counts III and IV allege claims for breach of fiduciary duty and intentional interference with a prospective business relationship against Defendant Charles W. Trautner, arising out of Trautner's purported pre-petition conduct.

The Complaint was filed in the Circuit Court of Cook County on August 23, 2006. This lawsuit was then timely removed to this Court on October 10, 2006. Thereafter, the Lawyer Defendants filed their motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) -- which motion has been fully briefed and remains pending before this Court.

At the status conference on March 28, 2007, the Court raised two questions: (1) is this a core or non-core proceeding; and (2) is this Court required to refer this matter to Bankruptcy Judge Squires (who is presiding over CMGT's bankruptcy) or does this Court have discretion to retain this lawsuit? The Court indicated its intention to retain this lawsuit if it had the option of doing so. As

1

will now be discussed: (A) this is a non-core proceeding; (B) this Court has discretion to retain this lawsuit; and (C) this Court should exercise its discretion to retain this lawsuit.

## DISCUSSION

**A.    First Issue -- Is This A Non-Core Proceeding?**

   **1.    The Answer -- This Is A Non-Core Proceeding**

A core proceeding is one that either: (a) invokes, or arises out of, a right created by the Bankruptcy Code; or (b) could not exist outside the context of a bankruptcy action. Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990).

Courts in this District have repeatedly held that lawsuits alleging the types of claims asserted in the Trustee's Complaint are non-core proceedings. See Keck, Mahin & Cate v. Bowytz, No. 00 C 1761, 2001 WL 292559, at * 3 (N.D. Ill., March 19, 2001) (claim for pre-petition legal malpractice is a non-core proceeding because it "clearly could arise outside the context of a bankruptcy case"); Steege v. Northern Trust Bank/O'Hare, N.A., No. 96 C 742, 1996 WL 332428, at * 2 (N.D. Ill., June 13, 1996) (claims for pre-petition legal malpractice, breach of fiduciary duty and tortious interference with business relations are non-core because they are "state law claims [that] have traditionally and consistently been found to be non-core in nature due to their tenuous relationship to a bankruptcy case").[1]

It is clear, therefore, that this lawsuit is a non-core proceeding. The right to bring a claim for legal malpractice, breach of fiduciary duty and intentional interference with a prospective business relationship obviously does not arise out of the Bankruptcy Code. Rather, as noted by Steege, each of these claims is a creation of state law. Moreover, actions for legal malpractice, breach of fiduciary

---

[1]    Copies of all unpublished authorities are included in alphabetical order in Group Exhibit A attached hereto.

duty and intentional interference with a prospective business relationship routinely arise and exist outside the context of a bankruptcy proceeding. Thus, there should be no real dispute that this lawsuit is a non-core proceeding.

2.      **Nature Of A Non-Core Proceeding**

Given that this action is a non-core proceeding, the respective roles of a bankruptcy judge and the District Court in a non-core proceeding are critical factors in considering the remaining questions raised by this Court. In a non-core proceeding, the role of the bankruptcy judge is specifically limited by statute. The bankruptcy judge cannot enter a final order or judgment and the actions of the bankruptcy judge are subject to *de novo* review by the District Court. 28 U.S.C. §157(c)(1) states as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under Title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

Accordingly, if Judge Squires were to ultimately hear this case on the merits, he would not be able to enter a final order or judgment. Rather, the law allows him only to submit proposed findings of fact and conclusions of law that are subject to *de novo* review in this Court. Thus, the case would most likely be re-heard by this Court anyway. Likewise, with respect to the Lawyer Defendants' pending motion to dismiss, any order entered by Judge Squires would be subject to *de novo* review in this Court. 28 U.S.C. § 158(a). In short, because this a non-core proceeding, this case will always be subject to *de novo* review in this Court no matter what Judge Squires does.

3

**B.    This Court Has Discretion To Hear This Lawsuit Pursuant To 28 U.S.C. § 157(d)**

The second question posed by the Court was whether it has discretion to hear and decide this lawsuit. The answer is yes. In fact, even if this matter had been referred to Judge Squires pursuant to Local Rule 40.3.1, this Court would still have had the discretion to withdraw the reference pursuant to 28 U.S.C. § 157(d). In relevant part, that section provides as follows:

> The district court may withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy judge], on its own motion or on timely motion of any party, for cause shown.

Thus, if this case had been referred to Judge Squires, the Lawyer Defendants could -- and would -- have asked this Court to withdraw that reference pursuant to §157(d). Accordingly, whether on its own motion, or by treating this position paper as the Lawyer Defendants' motion to withdraw pursuant to 28 U.S.C. § 157(d), this Court should resolve the reference issue <u>now</u> -- in the interest of judicial economy and minimizing the time and money spent on the issue by the parties. Indeed, it is inevitable that a motion to withdraw any reference would end up before this Court anyway.

Assuming that the Court is willing to treat this matter now under §157(d), the remaining question is whether cause has been shown to withdraw any reference to Judge Squires. For the reasons that follow, such cause exists.

**C.    This Court Should Exercise Its Discretion To Hear This Lawsuit**

Under 28 U.S.C. § 157(d), a District Court may withdraw a reference "for cause shown." District Courts in this Circuit recognize that § 157(d) itself does not define what is meant by the phrase "for cause shown." <u>Coe-Truman Technologies, Inc. v. U.S.</u>, 214 B.R. 183, 187 (N.D. Ill. 1997). Moreover, the Lawyer Defendants have not located any authority from the Seventh Circuit

4

Court of Appeals interpreting this phrase. However, our District Courts have identified five factors that should be considered in connection with a motion under § 157(d):

- is it a core or non-core proceeding;
- what is the impact upon judicial economy;
- what is best for administration of the bankruptcy estate;
- forum shopping considerations; and
- the relative costs and expenses for the parties.

Id. In this case, all five factors favor withdrawal of the reference.

### 1.  **Core Or Non-Core**

The most important factor is whether the matter to be withdrawn is a core or non-core proceeding. Id.; Allied Products Corp. v. Hartford Acc. and Indemn. Co., No. 02 C 8436, 2003 WL 503805, at *2 (N.D. Ill., Feb. 24, 2003). This factor is most critical because, as set forth above, the bankruptcy judge's actions in a non-core proceeding -- such as this one -- are subject to *de novo* review in the District Court. Coe-Truman, 214 B.R. at 187. As such, even if Judge Squires were to hear the merits of this non-core case, it would likely be re-tried before this Court. Thus, "it is a more efficient use of judicial resources" for this Court to hear this non-core proceeding in the first instance. Id. Otherwise, the parties and court system would have to do twice that which could and should be done just once.

### 2.  **Judicial Economy**

For very similar reasons, judicial economy supports withdrawal of the reference in this case. As set forth above, if a referral occurs, no matter what happens before Judge Squires, it will be subject to *de novo* review in this Court.

5

Moreover, this Court is already familiar with the case as it has been considering the Lawyer Defendants' pending motion to dismiss and has already presided over one status conference. In contrast, Judge Squires likely has not seen the Complaint, and certainly has not read or considered the Lawyer Defendants' motion to dismiss.

Finally, the Complaint alleges attorney malpractice, breach of fiduciary duty and intentional interference claims that are rarely considered and/or adjudicated by a Bankruptcy Judge. On the other hand, these types of claims are within the scope of the normal type of case the District Court will hear pursuant to its diversity jurisdiction. Thus, if anything, this Court has superior familiarity with the issues at hand -- which will allow it to decide this matter with the most efficient use of judicial resources.

### 3.　Uniformity And Efficiency Of Estate Administration

The Lawyer Defendants are not aware of any way in which this case will affect the uniformity of the administration of the bankruptcy estate and, therefore, this factor does not appear relevant under the circumstances.

However, it will be more efficient to the administration of the bankruptcy estate if this case is decided by this Court. That is because, as already set forth in detail above, it will be most efficient for this Court to hear this case in the first instance instead of having Judge Squires consider the same matters and make rulings that will simply be subject to *de novo* review in this Court when he is done. Having this Court decide these matters itself will lead to the most efficient resolution of this case and, therefore, the most efficient ultimate administration of the bankruptcy estate.

4. **Forum Shopping**

Because this case has never been before Judge Squires, it is impossible to say that the Lawyer Defendants are searching for a more favorable forum. In short, neither Judge Squires nor this Court has made any ruling or comment on any substantive issue. Moreover, the types of claims at issue here are consistent with those normally heard in the District Court -- not by a Bankruptcy Judge. Thus, there is no credible argument that the Lawyer Defendants are engaged in forum shopping.

5. **Delay And Costs To The Parties**

Finally, for all of the reasons already discussed, it will be most timely and most cost-effective for all involved to have this case decided once-and-for-all in this Court. There is simply no reason for the parties to engage in two proceedings -- one before Judge Squires and then another for *de novo* review in this Court. It is most efficient for both the Courts and the parties to have this case heard in this Court.

### CONCLUSION

For the foregoing reasons, the Lawyer Defendants respectfully request that the Court treat this Position Statement as its motion to withdraw any reference to Judge Squires pursuant to 28 U.S.C. § 157(d), that the Court exercise its discretion to withdraw the reference and that it hear and decide this lawsuit.

Respectfully submitted,

MAYER BROWN ROWE & MAW LLP AND
RONALD GIVEN

/s/ Stephen Novack
One Of Their Attorneys

## **CERTIFICATE OF SERVICE**

Stephen Novack, an attorney, hereby certifies that he caused a true and correct copy of the foregoing Lawyer Defendants' Position Statement Regarding Possible Referral To Bankruptcy Judge to be served through the ECF system upon the following:

>Edward T. Joyce
>Arthur W. Aufmann
>Robert D. Carroll
>Edward T. Joyce & Assoc., P.C.
>11 S. LaSalle St.
>Chicago, IL 60603

on this 18th day of April, 2007.

>/s/ Stephen Novack