# GROUP EXHIBIT A



Not Reported in F.Supp.2d　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1

Not Reported in F.Supp.2d, 2003 WL 503805 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
In re Allied Products Corp.
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
In re: ALLIED PRODUCTS CORPORATION, Debtor,
ALLIED PRODUCTS CORPORATION, Plaintiff,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant.
No. 02 C 8436, 00 B 28798, 02-A-1520.

Feb. 24, 2003.

*MEMORANDUM AND ORDER*
MANNING, J.
*1 Defendant Hartford Accident and Indemnity Company seeks to withdraw this court's reference of this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Northern District of Illinois Internal Operating Procedure 15. For the following reasons, the motion is granted.

*Background*

In October of 2000, Allied Products Corporation filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. Before this, Allied designed, manufactured, and serviced mechanical and hydraulic forming presses used to manufacture components for various industries. At this point in time, Allied has sold substantially all of its operating assets. It also recently filed a proposed Chapter 11 plan of liquidation with the cooperation of the Official Committee of Unsecured Creditors.

Because Allied is a debtor in possession, it must commence and prosecute claims and causes of action for the benefit of its bankruptcy estate and creditors. *See* 11 U.S.C. § 1107. Thus, in October of 2002, Allied filed an adversary proceeding against Hartford which asserted that Hartford had breached certain insurance contracts. The insurance claims stemmed from Allied's dealings with White Farm Equipment Company, a farm implement manufacturing plant.

In 1985, Allied purchased some of White Farm's assets, including a facility in Charles City, Iowa. The United States Environmental Protection Agency found that Allied was liable for environmental problems at the Charles City site. Allied seeks coverage under two primary general liability policies which were issued by Hartford and name White Farm as an insured. The bankruptcy court entered a preliminary pretrial order and Hartford has filed a dispositive motion which is currently pending.

*Discussion*

Under 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. *In re Coe-Truman Technologies, Inc.,* 214 B.R. 183, 184 (N.D.Ill.1997). Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate. *Id.* The first sentence of § 157(d) is generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 2
Not Reported in F.Supp.2d, 2003 WL 503805 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. *In re Coe-Truman Technologies, Inc.,* 214 B.R. at 187. The court must also consider whether the parties are entitled to a jury trial. *See, e.g., In re Sevko,* 143 B.R. 114, 117 (N.D.Ill.1992).

*2 The most important of these factors is whether the adversary proceeding sought to be withdrawn is core or non-core. *Id.* "[A] proceeding is core ... if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id.,* quoting *Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990); *In re U.S. Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir.1997) ("core proceedings" are claims "by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy").

Here, Hartford contends that the adversary action against it is non-core. "[B]reach of contract claims have consistently and traditionally been found to be non-core." *In re Coe-Truman Technologies, Inc.,* 214 B.R. at 187 (collecting cases). The court fails to see how the insurance dispute at the heart of the adversary proceeding arises under or is in any way related to the Bankruptcy Code. Moreover, the insurance dispute does not have any ties to Allied's pre-petition activities, and the policies at issue were not issued to Allied in the course of its business. In addition, the record does not show that any of Allied's other adversary proceedings involve insurance coverage issues. Thus, the most important factor relating to withdrawal of the reference favors Hartford.

Because the insurance dispute is entirely severable from the bankruptcy proceedings, withdrawal of the reference will not hinder judicial economy. Moreover, the bankruptcy court is in no better position to resolve the insurance dispute than a district court because its familiarity with the bankruptcy case has no bearing on the insurance issues. Finally, the court disagrees with Allied that transferring the adversary proceeding to the district court will require the Allied bankruptcy estate to incur additional costs. Thus, the court finds that withdrawal of the reference is warranted. The court, therefore, will not address Hartford's remaining arguments.

*Conclusion*

Hartford's motion to withdraw the reference [1-1] is granted.

N.D.Ill.,2003.
In re Allied Products Corp.
Not Reported in F.Supp.2d, 2003 WL 503805 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                Page 1
Not Reported in F.Supp.2d, 2001 WL 292559 (N.D.Ill.), 45 Collier Bankr.Cas.2d 1463
(Cite as: Not Reported in F.Supp.2d)

C
In re Keck
N.D.Ill.,2001.

United States District Court, N.D. Illinois, Eastern Division.
In re: KECK, Mahin & Cate, Debtor.
KECK, Mahin & Cate and Jacob Brandzel, Plan Administrator for Keck, Mahin & Cate, Plaintiffs,
v.
Robert B. BOWYTZ, Defendant.
No. 00 C 1761.

March 19, 2001.

*MEMORANDUM OPINION AND ORDER*
GUZMAN, J.
*1 This matter is before the Court on defendant Robert B. Bowytz's motion for withdrawal of the reference of an adversary proceeding to the bankruptcy court. For the following reasons, defendant's motion is granted.

*FACTS*

This case arises out of a bankruptcy of an Illinois general partnership, Keck, Mahin & Cate, ("debtor") which, prior to the bankruptcy filing was a national law firm. On December 16, 1997, five creditors filed an involuntary bankruptcy petition against debtor. On December 29, 1997, debtor consented to an order for relief and converted the Chapter 7 involuntary case to a case under Chapter 11 of the Bankruptcy Code. On December 16, 1999, the bankruptcy court confirmed a complicated plan among the debtor's former partners to settle the debtor's affairs. Under the plan, defendant was assessed to pay approximately $8,200 as his share of Keck, Mahin & Cate's debts. Defendant has refused to pay his settlement amount.

If any partner refused to pay his or her settlement amount, the plan empowers the Plan Administrator to pursue the refusing partner for their maximum liability under applicable law by initiating an adversary proceeding against that partner.

On December 28, 1999, Keck, Mahin & Cate and Plan Administrator, Jacob Brandzel ("plaintiffs") initiated an adversary proceeding against defendant and other partners who refused to pay their settlement portion in the bankruptcy court. In their action, plaintiffs raise the following claims: (1) breach of contract; (2) malpractice; and (3) negligence.

Pursuant to 28 U.S.C. § 157(d) and Rule 5011(a) of the Rules of Bankruptcy Procedure, defendant has moved to withdraw the reference to the bankruptcy court. Defendant has demanded a jury trial but has not consented to a jury trial before the Bankruptcy Court. *See* 28 U.S.C. § 157(e) (stating that bankruptcy court may only hear jury trial if both parties consent). Defendant contends that his demand for a jury trial is sufficient "cause" to withdraw the reference. Therefore, the issues in this case are whether defendant has a right to a jury trial and whether defendant's jury demand is sufficient cause for this Court to withdraw the reference.

*DISCUSSION*

I. Defendant's Right to a Jury Trial

To determine whether a particular litigant is entitled to a jury trial we must examine a combination of three factors. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 41 (1989); *In re Marshland Dev., Inc.,* 129 B.R. 626, 628 (Bankr.N.D.Cal.1991). "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Tull v. United*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2001 WL 292559 (N.D.Ill.), 45 Collier Bankr.Cas.2d 1463
(Cite as: Not Reported in F.Supp.2d)

*States*, 481 U.S. 412, 417 (1987) (citations omitted). The inquiry regarding whether the remedy is legal or equitable is more important. *Granfinanciera*, 492 U.S. at 47-48. Indeed, there are some who advocate abolishing the common law test altogether. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 574 (1990) (Brennan, J., concurring) ("[O]ur insistence that the jury trial right hinges in part on a comparison of the substantive right at issue to forms of action used in English courts 200 years ago needlessly convolutes our Seventh Amendment jurisprudence."). A third factor suggested in the *Granfinanciera* case is whether the cause of action involves a matter of a private or public right. 492 U.S. at 42. In *Atlas Roofing Co., Inc. v. Occupational Safety & Health Review Commission*, the Supreme Court noted that if "Congress creates new statutory 'public rights' it may assign their adjudication to an administrative agency with which a jury trial would be incompatible, without violating " the Seventh Amendment's right to a jury trial. 430 U.S. 442, 443 (1977). If the right at issue is a private right, that is, it involves "the liability of one individual to another under the law as defined," then a jury trial right attaches. *See Crowell v. Benson*, 285 U.S. 22, 51 (1932). If the right at issue is a public right, that is, involves disputes "between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments," then a jury trial right does not attach. *See id.* at 50.

*2 Defendant claims that the breach of contract, attorney malpractice, and negligence claims are all claims to which there is a jury trial right. Plaintiffs claim that the suit involves merely the liquidation of a partnership and is therefore an equitable action to which no jury right attaches.

Based on all three factors, this Court agrees with defendant that a right to a jury attaches to plaintiffs' action. First, although it is of comparatively less importance, plaintiffs' causes of action for breach of contract, attorney malpractice, and negligence all existed at common law. *See* 5 Moore's Federal Practice ¶ 38 .11[3][5] pp. 38-80-38-83 (2d ed.1991) (stating causes of action for negligence and breach of contract were traditionally considered legal actions requiring jury trial); *see also Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962) (holding common law right to jury trial attached to breach of contract claim); *Arkwright Mut. Ins. Co. v. Philadelphia Elec. Co.*, 427 F.2d 1273, 1275 (3d Cir.1970) (holding that common law right to jury trial existed for all tort claims); *In re SPI Communications & Mktg., Inc.*, 112 B.R. 507, 512 (Bankr.N.D.N.Y.1990) (holding that negligence which gives rise to legal malpractice is tort action).

Second, the remedy sought by plaintiffs is monetary damages in the amount of $8,200. This is clearly a legal remedy in that plaintiffs seek monetary damages of a fixed amount. At issue in this case is more than the mere liquidation of a partnership. Determination of defendant's liability with regard to plaintiffs' allegations of breach of contract, malpractice, and negligence are all legal rights that need to be determined separately from the partnership's liquidation. Despite the fact that the cause of action is in some way tangentially connected to the bankruptcy, the important factor is the nature of the issue to be tried and not the character of the overall action. *See Ross v. Barnhard*, 396 U.S. 531, 538 (1970) (holding there was right to jury trial in shareholder derivative suit, despite fact that such suit was traditionally equitable because plaintiffs' case presented legal issues of breach of contract and negligence.). In the current case, the issues to be tried will involve the plaintiffs' claims and not the liquidation of the partnership.

Finally, for many of the same reasons, plaintiffs' complaint involves private rights to which there exists a jury trial right. Because this case involves breach of contract, malpractice, and negligence claims by one private party against another private party, it is removed from the public rights definition as set out in *Crowell v. Benson*. 285 U.S. at 50. The government is not a party to this action, and the suit involves the liability of a former partner to the administrator of a bankrupt partnership. Therefore, this case falls under the private rights definition as set out in *Crowell*. 285 U.S. at 51; *see Granfinanciera*, 492 U.S. at 55 (stating right of trustee of debtor's estate to reclaim fraudulent conveyance made in anticipation of bankruptcy

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 3

Not Reported in F.Supp.2d, 2001 WL 292559 (N.D.Ill.), 45 Collier Bankr.Cas.2d 1463
**(Cite as: Not Reported in F.Supp.2d)**

involves private right); *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 71-72 (1982) (stating that although restructuring of debtor-creditor relation in bankruptcy is public right, debtor's right to recover contract damages to augment estate is private). For the foregoing reasons, defendant has a right to a jury trial.

II. Sufficient Cause To Withdraw the Reference

\*3 Withdrawal of a reference to a bankruptcy court is appropriate if cause exists. 28 U.S.C. § 157(d). Cause exists if "a party to a non-core proceeding stands on its right to trial by jury and the parties do not consent to adjudication by the bankruptcy court." *See In re Novak,* 116 B.R. 626, 627 (N.D.Ill.1990) (citations omitted); *In re Reda, Inc.,* 60 B.R. 178, 182 (Bankr.N.D.Ill.1986). At least one court has held that cause to withdraw the reference automatically exists when the party seeking withdrawal is entitled to a jury trial under the Seventh Amendment regardless of whether the proceeding is non-core. *Peachtree Lane Assocs. Ltd. v. Granader,* 175 B.R. 232, 235 (N.D.Ill.1994); *see also In re Grabill Corp.,* 967 F.2d 1152, 1158 (7th Cir.1992) (stating that bankruptcy judges are not allowed to oversee jury trials and that where jury trial is required, it must be held in district court).

Other courts have undertaken the core/non-core distinction to determine if cause exists. "[A] proceeding is core ... if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990). This District has consistently found state law claims that are connected to a bankruptcy case are non-core. *See Steege v. Northern Trust Bank/O'Hare, N.A.,* No. 96 C 742, 1996 WL 332428, at \*1 (N.D. Ill. June 13, 1996) (holding that breach of contract, banking malpractice, and negligent misrepresentation claims were non-core because they arose from pre-petition conduct); *In re Novak,* 116 B.R. 626, 627 (Bankr.N.D.Ill.1990) (holding debtor's breach of contract and tortious interference claims were non-core and if such claims were considered core under catchall provision of 28 U.S.C. § 157(b)(2)(O), then there would be no such thing as non-core proceeding); *In re Sokol,* 60 B.R. 294, 296 (Bankr.N.D.Ill.1986) (holding debtor's tort and contract claims were non-core).

In the current case, plaintiffs' claims of breach of contract, malpractice, and negligence do not satisfy the test. Although it is true that plaintiffs' legal claims are related to a partnership's bankruptcy, that does not automatically make this case a core proceeding. Because plaintiffs' claims clearly could arise outside the context of a bankruptcy case they are non-core. Furthermore, the causes of action against defendant are even less connected to the bankruptcy action because they involve allegations of conduct that occurred prior to the filing of the bankruptcy petition. Therefore, for the foregoing reasons, the Court grants defendant's motion to withdraw the reference of the adversary proceeding to the bankruptcy court.

CONCLUSION

For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion to withdraw the reference of the adversary proceeding to the bankruptcy court [docket no. 1-1].

\*4 SO ORDERED.

N.D.Ill.,2001.
In re Keck
Not Reported in F.Supp.2d, 2001 WL 292559 (N.D.Ill.), 45 Collier Bankr.Cas.2d 1463

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.                                                                                                Page 1

Not Reported in F.Supp., 1996 WL 332428 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

C
Steege v. Northern Trust Bank/O'Hare, N.A.
N.D.Ill.,1996.
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.
Catherine STEEGE, as Trustee of the Estate of Richard Owen Walsh, Plaintiff,
v.
NORTHERN TRUST BANK/O'HARE, N.A., The Northern Trust Company, Michael J. Elliott, McMahon & Elliott and McMahon & Elliott Financial Services, Inc., an Illinois corporation, now known as McMahon Enterprises, Inc., Defendants.
No. 96 C 742.

June 13, 1996.

*MEMORANDUM OPINION AND ORDER*
ANDERSEN, District Judge.
\*1 This case is before the Court on the joint motion of plaintiff Catherine Steege, as Trustee of the Estate of Richard Owen Walsh (the "Trustee"), and defendant McMahon and Elliott Financial Services, Inc. for withdrawal of reference of an adversary proceeding to the bankruptcy court. For the following reasons, we grant the motion.

*BACKGROUND*

Richard Owen Walsh filed a petition for relief under Chapter 7 of the Bankruptcy Code in 1994. On January 3, 1996, the Trustee commenced an action in the Circuit Court of Cook County against a number of defendants seeking damages in connection with a commercial property loan and foreclosure. These defendants include Northern Trust Bank/O'Hare, N.A., The Northern Trust Company, Michael J. Elliott, McMahon & Elliott, and McMahon & Elliott Financial Services, Inc. In her action, the Trustee raises the following state law claims: (1) breach of contract; (2) breach of fiduciary duty; (3) banking malpractice; (4) negligent misrepresentation; (5) fraud; (6) tortious interference with business relations; and (7) legal malpractice. On February 8, 1996, defendants The Northern Trust Bank/O'Hare, N.A. and The Northern Trust Company removed the case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1452(a). This adversary proceeding was then referred to the bankruptcy court of this district pursuant to 28 U.S.C. § 157(a).

On June 4, 1996, the Trustee, joined by defendant McMahon & Elliott Financial Services, Inc., filed the instant motion in this Court to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C. § 157(d). The Trustee contends that "cause" exists to withdraw the reference because she has demanded a jury trial and her adversary action is a non-core proceeding. Further, the Trustee points out that even if the bankruptcy court could conduct a jury trial, it would only be advisory in nature and lead to a duplication of efforts or even multiple trials.

*DISCUSSION*

Withdrawal of a reference to a bankruptcy court is proper if cause exists. 28 U.S.C. § 157(d). Cause exists when a "party to a non-core proceeding stands on its right to trial by jury, *see Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989), and the parties do not consent to adjudication by the bankruptcy court." *In re Novak,* 116 B.R. 626, 627 (N.D.Ill. 1990); *Matter of Reda, Inc.,* 60 B.R. 178, 182 (Bankr.N.D.Ill. 1986); *UNR Industries, Inc. v. Continental Ins. Co.,* 623 F.Supp. 1319, 1333 (N.D.Ill. 1985); *see also Peachtree Lane associates, Ltd. v. Granader,* 175 B.R. 232, 235 (N.D.Ill. 1994) (cause to withdraw the reference automatically exists when the party seeking withdrawal is entitled to a jury trial under

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                       Page 2

Not Reported in F.Supp., 1996 WL 332428 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.)**

the Seventh Amendment); *Matter of Grabill Corp.,* 967 F.2d 1152, 1158 (7th Cir. 1992), *rehearing denied,* 976 F.3d 1126 (7th Cir. 1992)(holding that bankruptcy judges are not authorized to conduct jury trials and that where such a trial is required, it must be held in the district court). Here, it is undisputed that the Trustee is entitled to a jury trial and that the Trustee and three defendants do not consent to a binding determination by the bankruptcy court. Thus, a withdrawal of the reference is appropriate if the Trustee's adversary action is a non-core proceeding.

*2 We find that the Trustee's adversary action is a non-core proceeding. "[A] proceeding is core... if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir. 1990), *cert. denied,* 498 U.S. 1089 (1991). That is not the case here. The Trustee's claims of breach of contract, breach of fiduciary duty, banking malpractice, negligent misrepresentation, fraud, tortious interference with business relations, and legal malpractice do not satisfy this test because they all allegedly arise from prepetition conduct. Indeed, such state law claims have traditionally and consistently been found to be non-core in nature due to their tenuous relationship to a bankruptcy case. *See In re Novak,* 116 B.R. 626, 627 (N.D.Ill. 190) (debtor's breach of contract and tortious interference claims characterized as non-core); *In re Sokol,* 60 B.R. 294, 296 (Bankr.N.D.Ill. 1986) (debtor's contract and tort claims characterized as non-core). Moreover, the parties do not dispute that this is a non-core proceeding within the meaning of 28 U.S.C. § 157. Therefore, the Trustee's adversary action is a non-core proceeding. Accordingly, we find there is cause to withdraw the reference.

*CONCLUSION*

For all of the foregoing reasons, the Trustee's motion to withdraw the reference to the bankruptcy court is granted.

It is so ordered.

N.D.Ill.,1996.
Steege v. Northern Trust Bank/O'Hare, N.A.
Not Reported in F.Supp., 1996 WL 332428 (N.D.Ill.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.