IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC.　　　Plaintiff, | )<br>)<br>)<br>)<br>)<br>)　No. 06 C 5486 |
| v. | )　Judge Virgina M. Kendall |
| MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN, and CHARLES W. TRAUTNER,　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLY IN
SUPPORT OF THEIR MOTION TO RECONSIDER**

Plaintiff, David Grochocinski, in his capacity as the Chapter 7 trustee for the bankruptcy estate of CMGT, Inc. ("plaintiff"), moves to strike portions of defendants' reply in support of their motion to reconsider. In support of this motion, plaintiff states as follows:

**I.　INTRODUCTION**

When defendants filed their motion to dismiss, they did not make any arguments about the damages asserted by plaintiff in Count I of the Complaint. Later, in their reply in support of that motion, defendants argued for the first time that the damages alleged in Count I are legally insufficient. (Reply in Support of Mot. to Dismiss at pp. 7-8.) Because it was obvious that this argument was being raised for the first time in defendants' reply brief, plaintiff did not file a motion to strike defendants' new argument. But defendants have again raised new arguments in a reply brief – this time in their reply in support of their motion to reconsider (the "Reply"). This time, plaintiff moves to strike these new arguments.

In their Reply, defendants raise three new arguments as to why this Court should dismiss plaintiff's complaint. In this regard, defendants argue that: (1) this case should be dismissed, "without regard to any fraud on the Court," because defendants believe that plaintiff is seeking an "absurd" result, (2) plaintiff suffered no damages with respect to Count II of the Complaint because CMGT was liquidated and ceased to exist when the order for relief was entered in its Chapter 7 bankruptcy case, and (3) plaintiff does not have standing to bring Count II because the claims asserted therein were not legal interests of CMGT when the bankruptcy proceeding was commenced. Because these arguments were not made in defendants' motion to dismiss or their motion to reconsider, they should be stricken from defendants' Reply.

## II.    ARGUMENT

### A. Defendants' Argument that This Case Should be Dismissed Because It Will Produce an "Absurd" Result Should be Stricken.

In their motion to dismiss, defendants argued that "the complaint should be dismissed as a fraud on the judicial system." (Mot. at pg. 7.) In support of that argument, defendants cited a single case, which states that a case may be dismissed with prejudice as a sanction if a party is found to have committed a fraud upon the court. (*Id.*) In its Memorandum Opinion ("Opinion"), this Court rejected defendants' fraud argument holding that: "[i]t would be inappropriate to levy so harsh a sanction as dismissal upon the Trustee absent clear and convincing evidence that the Trustee – and not just Spehar – orchestrated a fraud on the judicial system." (Op. at pg. 7.)

Unhappy with this result, defendants sought reconsideration, arguing that this Court "overlooked" the purported fact that Spehar is the "real party in interest." (Mot. to Reconsider at pp. 1-2.) Plaintiff responded to this argument by explaining that it is irrelevant whether Spehar is considered a "true party in interest," because this case *cannot* be a fraud if plaintiff filed this case with a good faith belief that the claims asserted herein are meritorious. (Resp. to Mot. to

2

Reconsider at pp. 3-9.) In their Reply, defendants abandoned their fraud defense and argued, for the first time, that plaintiff's complaint should be dismissed "without regard to any fraud on the Court," because defendants believe plaintiff is seeking an "absurd" result. (Reply at 1-6.) Because this argument was not made in defendants' motion to dismiss or defendants' motion to reconsider, plaintiff respectfully requests that this Court strike Section I.A. (*i.e.*, pp 1-6) of defendants' Reply. *See Neal v. Honeywell, Inc.*, No. 93 C 1143, 1996 WL 627616 at * 3-4 (N.D. Ill. Oct. 25, 1996) (stating that new arguments cannot be raised in a motion to reconsider) and *RB & W Mfg., LLC v. Buford III*, No. 02 C 8853, 2004 WL 2496242 at *4 (N.D.Ill. Nov. 4, 2004) (refusing to entertain an argument made for the first time in a reply brief because such "gamesmanship is improper.") In the alternative, if this Court does not strike Section I.A. of defendants' Reply, plaintiff respectfully requests leave to file a sur-reply responding to this new argument.

### B. Defendants' New Arguments Based on Never Before Referenced Federal Bankruptcy Cases and Statutes Should be Stricken.

In their motion to dismiss, defendants argued that plaintiff has not suffered any damages with respect to Count II because it has not paid anything to satisfy the $17 million Default Judgment. (Mot. at pp. 9-10.) Notably, defendants did not assert *any* arguments in their motion to dismiss about CMGT's ability to pay the Default Judgment in the future or the effect, if any, that the Chapter 7 bankruptcy proceeding had on plaintiff's claims in Count II. (*Id.*) In his response to defendants' motion to dismiss, plaintiff addressed defendants' only Count II damage argument (i.e., that there are no damages because the Default Judgment has not been paid) by citing *Gruse v. Belline* for the rule that an unpaid judgment is evidence of actual damages even if it remains unpaid at the time of trial. (Resp. at pg. 23.) In their reply in support of their motion to dismiss, defendants provided their own interpretation of *Gruse* and argued for the first time

3

that there is "uncontradicted evidence that CMGT will never be obligated to pay the Default Judgment." (Reply at pp. 15-16.) In its Opinion, this Court rejected defendants' interpretation of *Gruse* and denied defendants' motion to dismiss Count II to the extent that motion is based on plaintiff's failure to allege damages. (Op. at pp. 11-12.)

In their motion to reconsider, defendants rehashed the same argument they made in their reply in support of their motion to dismiss (*i.e.*, that *Gruse* stands for the rule that a judgment is evidence of damages only absent evidence that it will never be paid). (Reply at pp. 2-5.) Defendants argued that because CMGT is bankrupt, it will never pay the Default Judgment. (*Id.*) In response to defendants' motion to reconsider, plaintiff argued, *inter alia*, that if plaintiff wins Count I of the Complaint, at least some of the $17 million Default Judgment will be paid and, therefore, even if defendants' interpretation of *Gruse* is correct, Count II should not be dismissed at the pleading stage (the "Payment Argument.")

In their Reply, defendants falsely claim that plaintiff did not assert the Payment Argument until his response to the motion to reconsider because plaintiff "recognizes" that his previous arguments are insufficient to defeat reconsideration. (Reply at pg. 10.) Nothing could be further from the truth because, when plaintiff responded to defendants' motion to reconsider, plaintiff asserted the Payment Argument *in addition* to his argument that the Court correctly interpreted *Gruse, Northern Illinois* and *Sterling*. Plaintiff believes both of his arguments to be correct. Moreover, it was not until defendants filed their reply in support of their motion to dismiss that they first argued that: (a) the *Gruse* case should be interpreted as meaning that an unpaid judgment is evidence of damages only absent evidence that the judgment will never be paid, and (b) there is "uncontradicted evidence" that the Default Judgment will never be paid. Because defendants did not make these arguments in their motion to dismiss, plaintiff did not

4

respond to these arguments (by asserting the Payment Argument) in his response to the motion to dismiss. In other words, plaintiff's first opportunity to respond to defendants' misinterpretation of the *Gruse* case came in response to defendants' motion to reconsider. Thus, defendants' assertion that plaintiff is belatedly asserting the Payment Argument because he recognizes the weakness of his previous arguments is both untrue and misleading.

Why have defendants mischaracterized the circumstances giving rise to plaintiff's assertion of the Payment Argument? We respectfully submit that the reason is because they now realize that their new arguments based on federal bankruptcy case law and statutes should have been made in their motion to dismiss -- not in their Reply.

In their Reply, defendants argue for the first time that Count II is precluded as a matter of law by three never before referenced federal bankruptcy cases that purportedly support defendants' new argument that CMGT "ceased to exist when the order for relief was entered in its Chapter 7 bankruptcy case" and, therefore, even if the Default Judgment is eventually paid, it will not be paid by CMGT. (Reply at pp. 11.) Because this argument (Section I.B.2.b.) was not made in defendants' motion to dismiss or their motion to reconsider, plaintiff had no opportunity to respond to it and, therefore, it should be stricken. In the alternative, if defendants' new argument is not stricken, plaintiff respectfully requests leave to file a sur-reply.

Defendants also argue for the first time in their Reply that plaintiff's Payment Argument should be rejected because: (a) even if the Default Judgment is paid in the future, it was not paid before the Chapter 7 bankruptcy proceeding was commenced, (b) Section 541(a)(1) of the United States Bankruptcy Code states that bankruptcy estates include "all legal or equitable interests of the debtor in property as of the commencement of bankruptcy," therefore, (c) plaintiff has no standing to pursue Count II. (Reply at 11-12.) Because defendants did not make this argument

(Section I.B.2.c.) in their motion to dismiss or their motion to reconsider, it should be stricken. In the alternative, if defendants' new argument is not stricken, plaintiff respectfully requests leave to file a sur-reply.

### III. CONCLUSION

Wherefore, for the foregoing reasons, plaintiff respectfully requests that this Court enter an order striking Sections I.A., I.B.2.b., and I.B.2.c. of defendants' Reply.

Dated: August 30, 2007

Respectfully submitted,
DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC.

BY: /s/ Robert D. Carroll
Plaintiff's attorneys

Edward T. Joyce
Arthur W. Aufmann
Robert D. Carroll
EDWARD T. JOYCE & ASSOC., P.C. - Atty No. 32513
11 South LaSalle Street, Ste., 1600
Chicago, Illinois 60603