## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DAVID GROCHOCINSKI, not individually but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC., | ) ) ) ) ) | |
| Plaintiff, | ) ) | No. 06 C 5486 |
| v. | ) ) | Judge Virginia M. Kendall |
| MAYER BROWN ROWE & MAW LLP and RONALD B. GIVEN | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION TO STRIKE PORTIONS OF DEFENDANTS'
### REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER

Stephen Novack
Mitchell L. Marinello
Steven J. Ciszewski
NOVACK AND MACEY LLP
100 NORTH Riverside Plaza
Chicago, IL 60606
(312) 419-6900
Doc# 187866

Defendants, by their attorneys Novack and Macey LLP, submit this Response to Plaintiff's motion to strike ("Plaintiff's Motion") certain portions of the reply brief (the "Reply") that Defendants filed in further support of their motion for reconsideration (the "Reconsideration Motion"). For the reasons stated below, Plaintiff's Motion should be denied.

## ARGUMENT

Plaintiff has moved to strike certain portions of Defendants' Reply on the ground that those portions allegedly raise new arguments. Plaintiff is wrong. In fact, the challenged arguments either: (i) were made previously; or (ii) are in direct response to arguments made by Plaintiff. Either way, they are proper. We will respond to the arguments in Plaintiff's Motion (cited herein as "Pl. Mot. at ____") in the order in which they are presented.

**A.    Plaintiff's Challenge To Defendants' "Absurd Result" Argument (Pl. Mot. at II.A.)**

Plaintiff actually makes two arguments here. First, that the Reconsideration Motion re-raised the "fraud on the court" argument and, then, abandoned it in the Reply. Second, that the Reconsideration Motion did not raise the "absurd result" argument in either the original motion to dismiss ("Dismissal Motion") or the Reconsideration Motion. Both arguments are wrong.

**1.    The "Fraud On The Court" Argument**

Contrary to Plaintiff's assertion, the Reconsideration Motion -- which addressed only "certain aspects" of the Court's June 28, 2007 Opinion (Reconsideration Mot. at 1) -- did not challenge the Court's ruling on Defendants' "fraud on the court" argument. In fact, the Reconsideration Motion does not mention the phrase "fraud on the court" or even the word "fraud." Indeed, when Plaintiff's response to the Reconsideration Motion erroneously argued as though Defendants were seeking

-1-

reconsideration of their "fraud on the court" argument, Defendants' Reply immediately set Plaintiff straight:

> Indeed, almost half of the Response . . . . seeks to uphold this Court's rejection of Defendants' "fraud on the Court argument" -- even though Defendants did <u>not</u> seek reconsideration thereof.

(Reply at 1; emphasis in original.) Only Plaintiff knows why he would incorrectly say that Defendants raised this argument in the Reconsideration Motion when they did not.

### 2.     **The Absurd Result Argument**

Plaintiff's Motion (at 3) says that Defendants did not raise their "absurd result" argument in either their Dismissal Motion or Reconsideration Motion, and that it was raised for the first time in the Reply. This is also wrong. In fact, Defendants have made their "absurd result" argument from the very beginning.

A major underpinning of the Dismissal Motion in the first place was the fact that if Plaintiff won this case, Spehar -- the very party who filed admittedly "meritless litigation" against CMGT and thereby destroyed it -- would get the "lion's share" of the recovery. Indeed, the second paragraph of Defendants' Opening Memorandum in support of the Dismissal Motion ("Op. Mem. at ___") complained of that very outcome:

> Well, believe it or not, the party who is financing this case and who would take the lion's share of any recovery ("Spehar") is the very party that brought the meritless litigation and wrongfully obtained the Default Judgment in the first place. Talk about seeking an unjust windfall.

So, regardless of whether Defendants called that result "an unjust windfall" (Op. Mem. at 1) or a "perversion" of the system (<u>id.</u> at 2), the Dismissal Motion was clearly complaining of an "absurd result."

The Opinion, however, treated Spehar as if it was a stranger to the case, not interested in the outcome. Accordingly, the <u>very first</u> substantive point in the Reconsideration Motion was: "It appears that the Opinion has overlooked a critical fact -- that the party that stands to recover the lion's share of any recovery by the Trustee is Spehar." (Reconsideration Motion at 1.) The Reconsideration Motion then pointed out that:

> But, if the allegations of the Complaint are correct, that <u>result</u> would be <u>bizarre</u>. After all, Spehar is the very party that caused CMGT's downfall by: (1) asserting a meritless claim in the first place; (2) obtaining a "default" TRO preventing CMGT's financing; and (3) obtaining the $17 million Default Judgment -- all based on . . . . meritless claims. . . . This <u>ironic</u> and <u>unjust result</u> --that a party with an admittedly meritless and uncollectible claim against CMGT can collect on that very <u>same</u> meritless and uncollectible claim from CMGT's attorneys -- [should] not be permitted to stand.

(<u>Id</u>. at 2; last emphasis in original; other emphasis added.) The Reconsideration Motion also stated that it "should make no difference that the case is technically being prosecuted by the Trustee . . ." because the case, "if successful, would <u>result</u> in Spehar receiving a multi-million dollar windfall, all because Spehar dreamed-up and filed an admittedly meritless case against CMGT. This is nothing if not an <u>improper result</u> . . . ." (<u>Id.</u>; emphasis added.)

Thus, Defendants consistently argued -- both in their Dismissal Action and in their Reconsideration Motion -- that a substantial reason why this case should not be permitted to proceed is because, if successful, it would lead to (take your choice) a "perverse," "ironic and unjust," "improper," "bizarre" and "absurd" <u>result</u>. Plaintiff's assertion that Defendants first made this argument in their Reply is flatly wrong.

**B.    Plaintiff's Challenge To Defendants' Arguments
       Based On Bankruptcy Cases And Statutes (Pl. Mot. at II.B.)**

Once again, Plaintiff actually makes two arguments here. And, once again, both are <u>objectively</u> wrong.

<u>First</u>, Plaintiff says that Defendants have made a new damage argument with respect to Count II. Plaintiff says that, in their original motion, Defendants argued that CMGT suffered no damages under Count II, because it had not paid any part of the $17 million Default Judgment, but that:

> Notably, defendants did not assert *any* arguments in their motion to dismiss about CMGT's ability to pay the Default Judgment in the future or the effect, if any, that the Chapter 7 bankruptcy proceeding had on plaintiff's claims in Count II. (Italics in original.)

(Pls. Mot. at 3.) This contention has no basis.

Defendants <u>Opening</u> Memorandum in support of the Dismissal Motion includes section II.A. entitled: "**As to Count II -- There Are No Damages**." (Bolding in original.) In the <u>second sentence</u> of that section, Defendants expressly stated that the Complaint does not contain "any allegation that CMGT has actually paid (<u>or will ever pay</u>) any portion of the Default Judgment." (Opening Mem. at 9; emphasis added). That statement explicitly points out that CMGT will not pay the Default Judgment in the <u>future</u>.

Similarly, in their Reply Memorandum in further support of the Dismissal Motion, Defendants reiterated that there were no damages under Count II. And, in the <u>very first paragraph</u> of section II.A. entitled "**No Damages**" (bolding in original), Defendants stated:

> As set forth in the Opening Memorandum (at 9-10), [Count II] cannot possibly satisfy the damages element of an attorney malpractice claim because of the combination of <u>two</u> undisputed, inescapable and dispositive facts: (1) CMGT did not pay any portion of the Default

> Judgment; and (2) it will never be obligated to do so, because it is bankrupt.

(Reply Mem. at 13-14; emphasis added). This same point was reiterated on the very next page (15), where Defendants argued that Sterling Radio -- which dealt with a judgment that would never be paid by the defendant -- mandated a ruling in their favor:

> Here, the same reasoning applies. CMGT did not pay any portion of the Default Judgment and, because of its bankruptcy, never will be obligated to do so.

(Id. at 15; first word emphasis in original; other emphasis added). Plaintiff's incorrect assertion that these arguments were not made in support of the Dismissal Motion acts only to undermine the credibility of Plaintiff's Motion in its entirety.

Second, Plaintiff complains that Defendants cited new legal authorities in their Reply. Defendants did do that -- but only because in his response Plaintiff raised an argument never raised before. Thus, Defendants' Reply simply did what all good replies do -- reply to the opponents' new responsive arguments and, if available, to cite to legal authorities in support of the reply.

Indeed, Plaintiff's argument here is a classic case of the pot calling the kettle black -- for it was the Plaintiff, not Defendants, who first raised new arguments. In its response to the Reconsideration Motion (at 10), Plaintiff made the following convoluted argument to support his damage claim under Count II:

> Moreover, even if defendants' interpretation [of the case law] is accepted, defendants incorrectly and improperly assume that the $17 million default judgment will *never* be paid under any circumstances whatsoever. This argument asks the Court to make assumptions about facts that may not even be known to the parties or the Court at this time. For example, the damage sought in Count I is the lost value of CMGT. This damage is independent of the $17 million sought in Count II. If the Trustee wins Count I, some or all of the $17 million

> default judgment will be paid.  This is just one foreseeable example of how the $17 million default judgment might be paid.  There may be other ways in which the judgment could be paid that are not yet foreseeable. . . . Thus, defendants' motion should be denied.

This was the <u>first</u> time that this argument was raised.  As Plaintiff admits at pages 4-5 of his response to the Reconsideration Motion, this argument was <u>not</u> raised in Plaintiff's response to the Dismissal Motion, and it was not raised by the Court in its Opinion.

Thus, it was perfectly proper for Defendants' Reply to reply to these new arguments first made by Plaintiff in his response -- and to support their position with new authorities.  See <u>C & F Packing Co., Inc. v. IBP, Inc.</u>, 916 F. Supp. 735, 741 (N.D. Ill.  1995) (Denying motion to strike reply brief because "Defendants were responding to C & F's arguments and supporting them with evidence <u>and [new] case law</u>, an action for which they have every right.") (emphasis added).

**C.**     **Sur-Reply**

Realizing that his request to strike portions of the Reply is doomed, Plaintiff asks leave to file a sur-reply.  Defendants object to any sur-reply.  However, if the Court does allow a sur-reply, Defendant -- as the movants -- are entitled to the last word on their Reconsideration Motion.  Accordingly, Defendants request the opportunity to file a response to any sur-reply.

**D.**     **Oral Argument**

In all events, Defendants respectfully request that, under the circumstances, the Court convene an oral argument on the Reconsideration Motion.  The Court asked for and heard brief oral argument on the Reconsideration Motion when it was first presented.  Defendants believe that this argument was helpful, and that a more complete oral argument would be very beneficial.

**CONCLUSION**

For the reasons stated, Plaintiff's Motion to Strike has no merit and should be denied in all respects. Further, if Plaintiff is given leave to file a further brief, then Defendants request leave to respond so that they, as the moving party, will have the final brief on this matter. In all events, Defendants respectfully request that the Court hear oral argument on the Reconsideration Motion, and that it grant Defendants such other and further relief as is appropriate.

> MAYER BROWN ROWE & MAW
> and RONALD GIVEN
>
>
> By:  /s/  Stephen Novack
>       One of Their Attorneys

**CERTIFICATE OF SERVICE**

      Stephen Novack, an attorney, hereby certifies that he caused a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Motion to Strike Portions of Defendants' Reply in Support of Their Motion to Reconsider** by electronically filing the document with the Clerk of Court using the ECF system to:

> Edward T. Joyce
> Arthur W. Aufmann
> Robert D. Carroll
> EDWARD T. JOYCE & ASSOC., P.C.
> 11 S. LaSalle St.
> Chicago, IL 60603

on this 5th day of September, 2007.

                                                    /s/ Stephen Novack