## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DISTRICT

| | |
|---|---|
| DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC. )))) | |
| Plaintiff, ) | No. 06 C 5486 |
| ) | |
| v. ) | Judge Virgina M. Kendall |
| ) | |
| MAYER BROWN ROWE & MAW LLP, RONALD B. GIVEN, and CHARLES W. TRAUTNER, ))) | |
| ) | |
| Defendants. ) | |

### PLAINTIFF'S MOTION FOR LEAVE TO CITE ADDITIONAL, PREVIOUSLY UNAVAILABLE AUTHORITY DURING ORAL ARGUMENT

Plaintiff, David Grochocinski, in his capacity as the Chapter 7 trustee for the bankruptcy estate of CMGT, Inc. ("plaintiff"), moves for leave to cite additional, previously unavailable authority during oral argument. In support of this motion, plaintiff states as follows:

1. On July 13, 2007, defendants filed a motion to reconsider this Court's denial of their motion to dismiss. Plaintiff filed his response to defendants' motion to reconsider on August 9, 2007. Defendants filed their reply in support of their motion to reconsider on August 23, 2007.

2. In their reply brief, defendants argue that, as a result of the Chapter 7 bankruptcy proceeding, plaintiff cannot establish the damage element of Count II of his complaint. (*See* Reply at pp. 10-12).

3. On September 13, 2007, the United States Court of Appeals for the Fifth Circuit issued an opinion that directly addresses the damage arguments made by defendants in their reply brief. (A copy of the Fifth Circuit's September 13, 2007 opinion in *H.S. Stanley, Jr. in his capacity as Trustee*

*of the Bankruptcy Estate of Gary Eugene Hale v. Clare W. Trinchard, et al*, No. 06-30120 c/w 06-30299, is attached hereto as Exhibit A.)  Plaintiff learned about this opinion on September 18, 2007.

4.   Because the Fifth Circuit opinion was issued after plaintiff filed his response to defendants' motion to reconsider, plaintiff was not able to cite the Fifth Circuit opinion in his response brief.

5.   The purpose of this motion is to notify the Court and defendants of new authority that plaintiff intends to refer to during oral argument.

**Wherefore**, plaintiff respectfully requests leave to cite additional, previously unavailable authority during the September 26, 2007 oral argument on defendants' motion to reconsider.

Dated: September 18, 2007

Respectfully submitted,
DAVID GROCHOCINSKI, not individually, but solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of CMGT, INC.

BY:_____/s/ Robert D. Carroll_____
Plaintiff's attorneys

Edward T. Joyce
Arthur W. Aufmann
Robert D. Carroll
EDWARD T. JOYCE & ASSOC., P.C. - Atty No. 32513
11 South LaSalle Street, Ste., 1600
Chicago, Illinois 60603