# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 6 C 5486 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Grochocinski vs. Mayer Brown Roe & Maw LLP et al | | |

**DOCKET ENTRY TEXT**

The Court denies Grochocinski's Motion to Dismiss for Lack of Jurisdiction. Grochocinski shall respond to the Defendants' Motion for Sanctions by February 28, 2011, and the Defendants shall reply by March 7, 2011.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

David Grochocinski ("Grochocinski"), in his capacity as Chapter 7 Trustee for the bankruptcy estate of CMGT, Inc. ("CMGT") sued Mayer Brown Rowe & Maw LLP ("Mayer Brown") and Ronald B. Given ("Given"), an attorney at Mayer Brown, (collectively "the Defendants") for legal malpractice. This Court granted the Defendants' Motion for Summary Judgment, and the Defendants moved for sanctions against Grochocinski and his attorneys, Edward T. Joyce and Associates ("Joyce") pursuant to the Court's inherent authority to enter sanctions and, as to Joyce, 28 U.S.C. § 1927. Grochocinski moves to dismiss the Defendants' Motion for Sanctions, arguing that this Court lacks jurisdiction to proceed on the Motion because he has, in effect, been sued personally for sanctions without leave of the bankruptcy court. For the reasons stated below, the Court denies Grochocinski's Motion.

Under the *Barton* doctrine, a person seeking "to sue a trustee in bankruptcy concerning actions taken by him in the course of his trusteeship must obtain the permission of the bankruptcy court." *In re Linton*, 136 F.3d 544, 545 (7th Cir. 1998). The *Barton* doctrine takes its name from an 1881 Supreme Court decision, in which the Court held that an equity receiver could not be sued without leave of the court that appointed him. *Id.* (citing *Barton v. Barbour*, 104 U.S. 126, 128-29 (1881)). The doctrine has been extended to apply to a bankruptcy trustee because "[j]ust like an equity receiver, a trustee in bankruptcy is working in effect for the court that appointed or approved him, administering property that has come under the court's control by virtue of the Bankruptcy Code." *Id.*

The doctrine, however, applies to cases in which a party is bringing a lawsuit against a bankruptcy trustee, not where sanctions are sought in a case that was filed by the trustee himself. *Compare in re Linton*, 136 F.3d at 545 (*Barton* doctrine applies to a party seeking to sue a bankruptcy trustee in state court for actions he took in his role as trustee), *and In re Weitzman*, 381 B.R. 874, 878 (Bankr. N.D. Ill. 2008) (same), *with Maxwell v. KPMG LLP*, 520 F.3d 713, 719 (7th Cir. 2008) (inviting the defendant to move for attorneys fees in both the

appellate and district courts in a case in which the bankruptcy trustee brought a frivolous accounting malpractice claim without mentioning the *Barton* doctrine); *and Maxwell v. KPMG LLP*, No. 07-2819, 2008 WL 6140730 (7th Cir. Aug. 19, 2008) (considering the merits of the defendant's motion for sanctions against the bankruptcy trustee without mention of the *Barton* doctrine). Although allowing personal liability for sanctions against a bankruptcy trustee or his special counsel for decisions they make in the course of administering the estate may discourage competent people from taking on the responsibility, if the trustee chooses to file suit, he and his representatives must "play by the rules of the forum . . . even if that means being subjected to potential liability for sanctions." *In re Ridley Owens, Inc.*, 391 B.R. 867, 873 (Bankr. N.D. Fla. 2008) (holding that the *Barton* doctrine does not require a defendant in a state court action that was initiated by the bankruptcy trustee to obtain leave of the bankruptcy court before seeking sanctions against the trustee as representative of the estate and against the trustee's special counsel in his personal capacity).

This Court has the inherent power to regulate matters before it, and to award sanctions if appropriate. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted) ("[I]f a court finds 'that fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party."). Because the Defendants have not filed suit against Grochocinski, but are instead moving for sanctions in a case that Grochocinski himself filed and then litigated in this Court, the *Barton* doctrine does not apply. Accordingly, the Court denies Grochocinski's Motion to Dismiss. Grochocinski shall respond to the Defendants' Motion for Sanctions by February 28, 2011, and the Defendants shall reply by March 7, 2011.