Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 5486 | **DATE** | 10/17/2011 |
| **CASE TITLE** | David Grochocinski vs. Mayer Brown Rowe & Maw LLP et al | | |

**DOCKET ENTRY TEXT**

For these reasons, the Court orders Joyce to pay Mayer Brown $10,712.34 in attorneys' fees and $1,438.58 in costs connection with the Grochocinski deposition, as well as $24,984.90 in attorneys' fees to brief the motion for sanctions, for a total of $37,135.82.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On June 30, 2010, the Court entered an order sanctioning Edward T. Joyce & Associates ("Joyce"), counsel to David Grochocinski in his capacity as Chapter 7 trustee, bankruptcy estate of CMGT, Inc., for obstructive and childish tactics during Grochocinski's deposition. (*See* Doc. 247.)  Specifically, the Court ordered Joyce to pay one half of the attorneys' fees and costs defendants Mayer Brown LLP and Ronald Given (together "Mayer Brown") paid to have their attorneys prepare for and taking Grochocinski's deposition, as well as one half of the fees Mayer Brown incurred to bring the sanctions motion and its accompanying briefing.

Mayer Brown submitted a fee petition indicating that it spent $21,424.68 in attorneys' fees to take the Grochocinski deposition, $2,877.17 in costs related to the deposition, and $49,969.80 in attorneys' fees in connection with the briefing on the sanctions motion.  Joyce does not dispute that it owes $10,712.34 for the first category and $1,438.58 for the second category, as directed by the Court's June 30 order.  However, Joyce asserts that it should not have to pay one half of the briefing costs ($24,984.90) because only a limited portion of Mayer Browns' sanctions briefing dealt with Joyce's conduct at the deposition.

One half of the briefing fees appropriately reflects how Joyce's tactics multiplied the proceedings by precipitating Mayer Brown's sanctions motion holding him to account for those tactics.  *See* 28 U.S.C. § 1927 (authorizing sanctions against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992) (finding Section 1927 sanctions are appropriate in situations in which "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules, or court orders.")  As the Court recognized in its June 30 order, Mayer Brown should not be penalized for bringing a successful sanctions motion, and the Court only required Joyce

**STATEMENT**

to pay one half of the briefing fees because Mayer Brown sought, as part of the same motion, sanctions against Grochocinski as well as Joyce. As for the argument that only one of Mayer Brown's grounds for sanctions against Joyce was ultimately successful, Mayer Brown's motion was not frivolous and Mayer Brown should also not be penalized for presenting alternative grounds for sanctions.